[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14693
Non-Argument Calendar
_____

D.C. Docket No. 2:14-cr-14014-DMM-1


UNITED STATES OF AMERICA,

                                      Plaintiff–Appellee,

versus

RONY MAURIVAL,

                                      Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 21, 2019)

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Rony Maurival appeals the district court's denial of his motion to seal. In particular, the district court refused to seal (1) a magistrate judge's report and recommendation ("R&R")—which was filed in response to Maurival's untimely Criminal Justice Act ("CJA") voucher seeking the payment of attorney's fees to his defense counsel, Robert Stickney—and (2) his response to the R&R.

Maurival asserts that the filings disclose sensitive information that, contrary to the *Guide to Judiciary Policy* § 510.30, could reasonably be expected to compromise the following: (1) defense strategies and investigative procedures (*e.g.*, how Stickney prepared for trial, his efforts to cross-examine government witnesses, or the number of witnesses that he was prepared to call at trial); (2) attorney work product; (3) attorney-client privileged material (*e.g.*, summations or specific details of Maurival's communications with Stickney); (4) other privileged information; and (5) the private information pertaining to the internal operation and administrative challenges of Stickney's law office (*e.g.*, how Stickney's administrative duties were neglected due to his work representing other clients). Further, he argues that the court failed to reasonably apply the *Guide to Judiciary Policy* to the facts of his case and clearly erred by finding that he had not provided a legal or factual basis for his motion.

2

\* \* \*

We review the district court's denial of a motion to seal portions of the record for abuse of discretion. *See Perez Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).[1] In reviewing for an abuse of discretion, we review questions of law de novo, and the district court's factual findings for clear error. *Scott v. Roberts*, 612 F.3d 1279, 1289 (11th Cir. 2010). After review, we conclude that the court's decision violated neither its own local rules nor the *Guide to Judiciary Policy*.

First, pursuant to the local rules for the Southern District of Florida, proceedings are public and court filings are "matters of public record." S.D. Fla. L.R. 5.4(a). Where a party seeks to seal documents in a criminal case, he must set forth "the factual and legal basis for departing from" the court's open-access policy. *Id.* 5.4(c)(1). "We give great deference to a district court's interpretation of its local rules and review a district court's application of [its] local rules for an

---

[1] The government argues that Maurival waived his argument that the district court's denial of his motion to seal was in contravention of the *Guide to Judiciary Policy*. In particular, the government says, Maurival failed to raise that argument until his motion for reconsideration, the denial of which he has not appealed; accordingly, the government continues, this Court should review Maurival's argument only for plain error, rather than abuse of discretion. Parties can "waive positions and issues on appeal, but not individual arguments" or authorities. *Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 883 n.5 (11th Cir. 2017). Maurival therefore contends that his failure to cite the *Guide to Judiciary Policy* did not constitute waiver because it is an argument, rather than a position or issue. We need not determine whether plain-error review is appropriate because Maurival has failed to show that the district court erred under the more lenient abuse-of-discretion standard that ordinarily governs the review of denials of motions to seal.

abuse of discretion." *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008) (quotation marks and citations omitted).

There is no indication that the district court improperly applied or interpreted Local Rule 5.4 with respect to the facts of Maurival's case. Maurival's cursory reference to his privacy concerns or matters related to Stickney's representation of him or other clients do not provide a legal justification for why those concerns should overcome the presumption of public access to the R&R and Maurival's response. Nothing in the record suggests, nor has Maurival argued, that there is likely to be any significant public attention to the documents that would lead to their widespread publication and undue intrusions on his or Stickney's privacy interests if those documents were to remain publicly available. S.D. Fla. L.R. 5.4(a), (c)(1).[2] In short, the mere assertion that the R&R referenced "private" matters does not constitute an argument that those private matters were unduly infringed such that the presumption of public access is overcome.

Maurival's motion provided only superficial, non-specific references to potentially private or protected information, and it was not clearly erroneous for the district court to find that these assertions did not provide a sufficient factual

---

[2] In fact, it is possible that the public interest might be *served* by keeping the documents publicly accessible, since the R&R's discussion of Stickney's delinquent CJA voucher could bear on future payments to Stickney, were he again to submit a delinquent CJA voucher. Maurival even points out that such a situation has already occurred, insofar as the R&R has been cited in connection with another of Stickney's cases in which CJA-related matters were raised.

basis to adequately demonstrate his interests related to his criminal proceedings or his counsel Stickney's privacy concerns. *Scott*, 612 F.3d at 1289.

Second, the court's decision is not contrary to the *Guide to Judiciary Policy*, Maurival's principal source of authority. The *Guide to Judiciary Policy* provides that CJA-related information that is not otherwise routinely available to the public should be made available unless it, among other things: "could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants" or "could reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources." Vol. 7A, § 510.30(b)–(c).

The district court did not abuse its discretion by denying Maurival's motion to seal the R&R and his response because he failed to specify how the public availability of those documents would compromise his case, interfere with Stickney's representation of other defendants, or unduly intrude on either his or Stickney's privacy. The contents of the R&R and Maurival's response are substantively unrelated to his conviction or sentence, which were finalized years before the R&R was filed, and his cursory references to broad categories of protected classes of information did not provide the court with a specific factual basis justifying the motion to seal. Similarly, Maurival failed to indicate how Stickney's privacy would be unduly infringed or how the public availability of

5

non-specific information regarding Stickney's workload or professional priorities would harm him professionally, or otherwise affect his privacy or ability to adequately serve as defense counsel. *See Guide to Judiciary Policy*, Vol. 7A, § 510.30(b).[3]

**AFFIRMED.**

---

[3] The government's motion to dismiss Maurival's appeal on the ground that it is moot is DENIED.